Filed

NOV 18 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ, | Case No. C 13-3365 PSG (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| EDMUND G. BROWN, | |
| Defendant. | |

Plaintiff, Miguel Gonzalez, proceeding *pro se*, filed a petition for injunctive relief, which commenced this action. The court construes Gonzalez' petition as a petition for injunctive relief as well as a federal civil rights complaint. Gonzalez is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the petition with leave to amend.[1]

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[2] In its

---

[1] On September 26, 2013, a summons was inadvertently issued to Edmund G. Brown. The Clerk shall withdraw the summons.

[2] *See* 28 U.S.C. § 1915A(a).

Case No. C 13-3365 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

1  review, the court must identify any cognizable claims and dismiss any claims that are frivolous,
2  malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a
3  defendant who is immune from such relief.[3] *Pro se* pleadings must, however, be liberally
4  construed.[4] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was violated,
6  and (2) that the alleged violation was committed by a person acting under the color of state law.[5]

B.  Legal Claims

In the petition for injunctive relief, Gonzalez states that he has an impending transfer to move him from the California Institution for Men ("CIM") in Chino, California, to Avenal State Prison, in Avenal, California. Gonzalez asserts that transferring him to Avenal State Prison will expose him to a risk of Valley Fever. Gonzalez also requests that the court issue an order preventing the State from transferring any prisoner into or out of his or her current prison absent an order from the "special master" as well as an urgent need for the transfer. Gonzalez finally requests that the court issue an order that each prison be "capped" at its designated capacity so as to not be overcrowded.

As an initial matter, Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order. Prior to granting a preliminary injunction, notice to the adverse party is required.[6] Therefore, generally, a motion for preliminary injunction cannot be decided until the parties to the action are served.[7] Because no defendant has yet been served, Gonzalez's request for a preliminary injunction is DENIED as premature. Moreover, it appears that Gonzalez has already been transferred to Avenal State Prison. To the extent Gonzalez is requesting an injunction to prevent his transfer to Avenal State

---

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[6] *See* Fed. R. Civ. P. 65(a)(1).

[7] *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).

Case No. C 13-3365 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

Prison, that request is DENIED as moot.

To the extent Gonzalez wishes to sue prison officials for federal civil rights violations, the present state of Gonzalez's pleading prevents him from doing so. Gonzalez claims that prison officials at CIM are being deliberately indifferent to his health and safety by directing him to be transferred to Avenal State Prison. First, it is not at all clear that Gonzalez intended this civil action to be a separate action from the *Plata/Coleman* class action. Gonzalez used the caption for *Plata/Coleman*, and requested that the petition be included as a "subclass" of the *Plata/Coleman* action. Second, Gonzalez concedes that he has not exhausted the issues raised herein. An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.[8] Third, Gonzalez does not link a specific defendant with any specific allegation of constitutional violation. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."[9] Fourth, Gonzalez must take care to allege some sort of injury to himself. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.[10]

To that end, Gonzalez will be given an opportunity to file an amended complaint to state a cognizable claim. Gonzalez should be mindful that a complaint containing only sweeping conclusory allegations will not suffice; he must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.[11] "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his

---

[8] *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

[9] *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

[10] *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013).

[11] *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Case No. C 13-3365 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."[12] A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face."[13]

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Gonzalez will be provided **thirty days** within which to correct the deficiencies as stated above.[14]

## CONCLUSION

1. Gonzalez's petition for preliminary injunction is DENIED.

2. Gonzalez's complaint is DISMISSED WITH LEAVE TO AMEND. Gonzalez shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-3365 PSG (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on Gonzalez and what right(s) Gonzalez alleges was violated. Gonzalez may not incorporate material from the prior complaint by reference. If Gonzalez files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3. Gonzalez is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted).

[13] *Id.* at 570.

[14] The court prematurely issued summonses on September 26, 2013 per its order granting permission to proceed *in forma pauperis*. (Docket Nos. 7, 8.) Those summonses are STRICKEN.

Case No. C 13-3365 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

in the amended complaint."[15] Defendants not named in an amended complaint are no longer defendants.[16]

4.   It is Gonzalez's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 11-18-13

PAUL S. GREWAL
United States Magistrate Judge

---

[15] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[16] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).